IN THE CIRCUIT COURT OF THE
SECOND JUDICIAL CIRCUIT, IN
AND FOR LEON COUNTY, FLORIDA

ANDREA ARNOLD,

      Plaintiff,

CASE NO.: 19-CA-
FLA BAR NO.: 0739685

v.

EVERGLADES COLLEGE, INC
d/b/a KEISER UNIVERSITY and
AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

      Defendants.
_____/

## COMPLAINT

Plaintiff, ANDREA ARNOLD, hereby sues Defendants, EVERGLADES COLLEGE, INC d/b/a KEISER UNIVERSITY ("Keiser") and AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS ("ARRT") and alleges:

### NATURE OF THE ACTION

1.    This is an action brought pursuant to §504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794; the Americans with Disabilities Act ("ADA") of 1990, Title II, 42 U.S.C. §12132; ADA Title III, 42 U.S.C. §12189; and 28 C.F.R. § 36.309.

2.    This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

### PARTIES

3.    At all times pertinent hereto, Plaintiff, ANDREA ARNOLD, has been a resident of the State of Florida. Plaintiff is a member of a protected class because of her actual or perceived disability and record of impairment.

REC'D A.R.R.T./ETHICS

APR 16 2020

4. At all times pertinent hereto, Defendant, EVERGLADES COLLEGE, INC d/b/a KEISER UNIVERSITY, has been organized and existing as a university under the laws of the State of Florida.

5. At all times pertinent hereto, Defendant, ARRT, has been operating a non-profit organization that administers credentialing exams for radiologic technologists throughout the nation, including the state of Florida.

## CONDITIONS PRECEDENT

6. Plaintiff has satisfied all conditions precedent to bringing this action, if any.

## STATEMENT OF THE ULTIMATE FACTS

7. Plaintiff was a student at Defendant's Tallahassee campus and began her schooling there in February 2017.

8. Plaintiff suffers from Attention Deficit Hyperactive Disorder and Auditory Processing Disorder. Defendant was aware of Plaintiff's actual or perceived disability.

9. Prior to the start of classes, Plaintiff submitted paperwork for her accommodations to one of Keiser's admissions counselors and her accommodations were approved by Christopher Stabile, Associate Vice Chancellor of Teaching and Learning, Section 504/Disability Services Coordinator.

10. The accommodations that Plaintiff was approved for were a separate room for testing, additional time for testing, access to instructor notes, and access to a calculator.

11. Chad Wilson, Program Director, gave Plaintiff accommodation letters which contained her classes, instructors' names, and terms. These letters had not yet been signed by the instructors. Wilson told Plaintiff to sign the letters and he would distribute them to her professors so they would be aware of and sign off on the accommodations she had been granted.

REC'D A.R.R.T./ETHICS
APR 16 2020

12. In May 2017, Plaintiff met with Dean of Academic Affairs, Marta Leonida, in order to discuss her accommodations for an upcoming test. Plaintiff was refused the accommodations that had previously been approved because Leonida believed it would be unfair to other students. This intentional discrimination directly affected Plaintiff's ability to take the test and pursue her education.

13. In July 2018, Plaintiff discovered that her Clinical Coordinator, Amy Allen, had not been given a copy of Plaintiff's accommodation letter by Wilson and was unaware that she was in need of accommodations. The failure to accommodate Plaintiff adversely affected Plaintiff's ability to take and pass the test and caused her significant emotional distress.

14. Plaintiff has also twice been denied her accommodations for the national board exams that are administered by the American Registry of Radiologic Technologists ("ARRT"). She was denied these accommodations after Tina Sorenson, Director of Accommodations at ARRT, had conversations with Defendant Keiser's President and one of the deans with Defendant Keiser. The intentional acts of Defendants hindered Plaintiff's ability to pursue her education and licensing.

15. Additionally, Wilson made several disparaging comments towards and about Plaintiff throughout her time there as a student. He said on several occasions that there was nothing wrong with her and that she could take her exams and boards without the accommodations she had requested and approved. Wilson also stated that Plaintiff was immature compared to her non-disabled classmates and that that must be the source of her problems rather than her disabilities.

16. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fees under the laws referenced above.

REC'D A.R.R.T./ETHICS
APR 16 2020

## COUNT I
## DISABILITY DISCRIMINATION (KEISER)

17. Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

18. This count sets forth a claim against Defendant for discrimination based on handicap/disability and/or Defendant's perception of Plaintiff as disabled, under 29 U.S.C. §794 and 42 U.S.C. §12132.

19. At all times pertinent hereto, Defendant received and utilized in conducting its functions as provided by law federal financial assistance, such assistance received for the purposes of assisting some or all of the programs and activities of Defendant. On information and belief, the funds received constituting such federal financial assistance were deposited into a general fund or account managed by or on behalf of Defendant.

20. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.

21. Defendant, through its agents, apparent agents, and employees, because of Plaintiff's handicap/disability and/or of her perceived handicap/disability, failed to accommodate her. Defendant took action against Plaintiff because of her disabling condition; i.e., by way of example only, because of limitations in Plaintiff's ability to perform one or more of life's major activities and/or because she needed accommodations.

22. There is no legitimate reason that has been presented, nor can there be any legitimate reason, for the adverse treatment of Plaintiff.

23. Defendant knew or should have known of these conditions as they were open and notorious and well known to Defendant. The adverse treatment of Plaintiff, together with the facts set forth above, were brought to the attention of Defendant and Defendant perpetuated this treatment by condoning the actions and inactions affecting Plaintiff.

REC'D A.R.R.T./ETHICS

APR 16 2020

24. Defendant harbored ill-motives and intent to cause disparate and retaliatory treatment of Plaintiff.

25. Defendant is responsible for the violations of Plaintiff's rights as set forth herein because it exercised control over the adverse treatment of Plaintiff. In the alternative, Defendant failed to properly supervise its employees thereby causing foreseeable harm to Plaintiff's rights set forth herein.

26. As a direct and proximate result of Defendant's actions described above, Plaintiff has sustained damages including but not limited to mental, nervous, and emotional injury. Plaintiff has incurred additional damages including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages. These damages have occurred in the past, are occurring at present and will continue in the future.

## COUNT II
## DISABILITY DISCRIMINATION (ARRT)

27. Paragraphs 1 through 16 are re-alleged and incorporated herein by reference.

28. This is an action against Defendants for disability discrimination pursuant to 42 U.S.C. § 12189 and 28 C.F.R. § 36.309.

29. Defendant offers examinations related to licensing, certification, or credentialing for professional or trade purposes, i.e., radiologic technologists.

30. Plaintiff has been the victim of discrimination on the basis of her disability or perceived disability.

31. Defendants are liable for the differential treatment and its refusal to accommodate Plaintiff during testing, which placed her on un-equal footing and adversely affected the terms and conditions of Plaintiff's ability to pursue her career. Defendants controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew, or should have known of

REC'D A.R.R.T./ETHICS
APR 16 2020

these actions and inactions, and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff.

32. In essence, the actions of agents of Defendants, which were each condoned and ratified by Defendants, were disability/perceived-disability based and in violation of the laws set forth herein.

33. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's pursuit of career and licensing with ARRT. The events set forth herein lead, at least in part, to adverse action against Plaintiff.

34. Defendants' conduct and omissions constitutes intentional discrimination based upon disability or perceived disability or record of having an impairment the Rehabilitation Act, 29 U.S.C. §794.

35. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive/equitable relief.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

REC'D A.R.R.T./ETHICS

APR 16 2020

(c)     enter judgment against Defendant and for Plaintiff awarding all legally-available general and compensatory damages and economic loss to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d)     enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of law enumerated herein;

(e)     enter judgment against Defendant and for Plaintiff awarding Plaintiff attorney's fees and costs;

(f)     award Plaintiff interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 20th day of January 2020.

                                                Respectfully submitted,

                                                /s/ Marie A. Mattox
                                                Marie A. Mattox [FBN 0739685]
                                                MARIE A. MATTOX, P. A.
                                                203 North Gadsden Street
                                                Tallahassee, FL 32301
                                                Telephone: (850) 383-4800
                                                Facsimile: (850) 383-4801
                                                Marie@mattoxlaw.com
                                                Secondary emails:
                                                Michelle2@mattoxlaw.com
                                                marlene@mattoxlaw.com

                                                ATTORNEYS FOR PLAINTIFF

REC'D A.R.R.T./ETHICS

APR 16 2020

Filing # 101914810 E-Filed 01/20/2020 04:33:32 PM

|  | IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA |
|---|---|

2020 CA 000134

ANDREA ARNOLD,

    Plaintiff,

CASE NO.: 20-CA-
FLA BAR NO.: 0739685

v.

EVERGLADES COLLEGE, INC
d/b/a KEISER UNIVERSITY and
AMERICAN REGISTRY OF
RADIOLOGIC TECHNOLOGISTS,

    Defendants.

                                         /

## SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS**
**ARRT MGMT.**
**1255 Northland Drive**
**St. Paul, MN 55120-1155**
**Phone: (651) 687-0048, ext. 8525**

    Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **203 North Gadsden Street, Tallahassee, FL 32301**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    DATED on    1/26/2020   , 2020.

CLERK OF THE CIRCUIT COURT

By: _____
      Deputy Clerk

REC'D A.R.R.T./ETPI

APR 16 2020